WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                    :
**In re**                                           :        **Chapter 11**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**          :        **Case No. 08-13555 (JMP)**
                                                    :
                            **Debtors.**            :        **(Jointly Administered)**
---------------------------------------------------------------x
**El Vesta Lampley**                                :
                                                    :
                            **Plaintiff,**          :
**- against -**                                     :        **Adversary Proceeding**
                                                    :        **Case No.: 13-01354 (JMP)**
**LEHMAN BROTHERS HOLDINGS INC.**                   :
                            **Defendant.**          :
---------------------------------------------------------------x

## LEHMAN BROTHERS HOLDINGS INC.'S MOTION TO DISMISS ADVERSARY COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012(b) AND BRIEF IN SUPPORT THEREOF

# Table of Contents

PROCEDURAL HISTORY .................................................................................... 1

RELEVANT FACTS ........................................................................................... 2

THE COMPLAINT ............................................................................................. 5

ARGUMENT ..................................................................................................... 6

    **1.**    **The Complaint Should Be Dismissed for Failure to State a
Claim Upon Which Relief May Be Granted** ........................................... 6

    **1.**    **All of Plaintiff's Claims Are Barred by the Bar Date Order** ............. 10

    **2.**    **Plaintiff's Claims Are Also Barred by the Doctrine of Judicial
Estoppel** .............................................................................................. 11

CONCLUSION AND REQUESTED RELIEF ....................................................... 12

US_ACTIVE:\44277190\6\58399.0003

# Table of Authorities

**Cases**

*Acito v. Imcera Group, Inc.,* 47 F.3d 47, 51 (2d Cir. 1995) ........................................................ 10

*Adrogué Chico S.A. v. FleetBoston Fin. Corp.*, 427 F. Appx. 43 (2d Cir. 2011) ........................ 12

*Andino v. Fischer*, 698 F. Supp. 2d 362, 375 (S.D.N.Y. 2010) ...................................................... 7

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ...................................................................................... 8

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007) ...................................................................... 8

*Browning Mfg. v. Mims (In re Coastal Plains, Inc.),* 179 F.3d 197, 207-08 (5th Cir. 1999) ....... 13

*Buchanan v. Neighbors Van Lines*, 2010 WL 4916644, *3 (C.D. Cal. Nov. 29, 2010)................ 9

*Chartschlaa v. Nationwide Mut. Ins. Co.,* 538 F.3d 116, 122 (2d Cir. 2008).............................. 13

*Chase v. Chase (In re Chase)*, 392 B.R. 72, 80 (Bankr. S.D.N.Y. 2008)...................................... 2

*EEOC v. Staten Island Sav. Bank*, 207 F.3d 144 (2d Cir. 2000) .................................................. 7

*Evergreen Solar, Inc. v. Barclays PLC (In re Lehman Brothers Holdings Inc.),* 2011 WL
722582*3 n.6 (Bankr. S.D.N.Y. 2011) ...................................................................................... 2

*Garlock Sealing Technologies LLC v. NAK Sealing Technologies Corp.*, 148 Cal.App.4th 937,
965, 56 Cal.Rptr.3d 177 (2007) ................................................................................................ 9

*Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir. 2001).............................. 12

*Kunica v. St. Jean Fin., Inc.,* 233 B.R. 46, 58 (S.D.N.Y. 1999) ............................................ 12, 13

*Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.,* 969 F.2d 1384, 1388 (2d Cir.1992)............. 2

*Picard v. Chais (In re Bernard L. Madoff Inv. Sec. LLC)*, 440 B.R. 282, 289 (Bankr. S.D.N.Y.
2010) .......................................................................................................................................... 8

*Rosenshein v. Kleban,* 918 F.Supp. 98, 102 (S.D.N.Y. 1996) ...................................................... 12

*Tompkins v. Local 32BJ, SEIU*, 2011 WL 797706 *3 (S.D.N.Y. Feb 1, 2011) ............................ 8

**Rules**

FED. R. EVID. 201(f)........................................................................................................ 2

FED.R.BANKR.P. 7009.................................................................................................. 10

FED.R.BANKR.P.7012.............................................................................................. 6, 7

FED.R.CIV.P. 12(b)(1)................................................................................................... 6

FED.R.CIV.P. 12(b)(6)................................................................................................... 7

FED.R.CIV.P. 8(a)(2)..................................................................................................... 7

FED.R.CIV.P. 9(b)........................................................................................................ 10

**Statutes**

11 U.S.C. § 541(a)(1)................................................................................................... 12

11 U.S.C. §362............................................................................................................ 3

11 U.S.C. 521(a)(1)..................................................................................................... 13

US_ACTIVE:\44277190\6\58399.0003

Defendant Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, respectfully submits this motion to dismiss adversary proceeding pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "FRCP") and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and brief in support thereof and states as follows:

## PROCEDURAL HISTORY

1.      On September 15, 2008 (the "Commencement Date") and periodically thereafter, LBHI and certain of its affiliates commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.      On July 2, 2009, the Court entered an order establishing September 22, 2009 (the "Bar Date") as the deadline for persons or entities to file proofs of claim based on prepetition claims (as defined in section 101(5) of the Bankruptcy Code) against LBHI and its affiliated debtors (the "Bar Date Order") (ECF No. 4271).  Plaintiff failed to file claims in the Chapter 11 Cases in advance of the Bar Date or thereafter.

3.      On or about May 23, 2013, Plaintiff commenced this adversary proceeding by filing a complaint (the "Complaint") against LBHI.[1]  Though difficult to follow, the Complaint appears to be comprised of claims for (i) fraud, (ii) conspiracy to commit fraud, (iii) negligent misrepresentation, (iv) violations of state laws relating to negotiable instruments and recording, (v) violation of a provision of the Real Estate Settlement Procedures Act relating to

---

[1] Plaintiff erroneously refers to LBHI as Lehman Brothers Holdings LLC in the Complaint.

mortgage loan servicing, and (vi) "Robo signing and Fabrication of Documents."  Complaint, ¶5.

Each of these claims arises out of a transaction involving residential real property located at

20051 Big Bend Lane, Huntington Beach, California (the "Property").

## RELEVANT FACTS[2]

4.      On or about January 13, 2006, Plaintiff and New Century Mortgage

Corporation ("New Century") entered into a mortgage loan transaction pursuant to which New

Century financed Plaintiff's acquisition of the Property in exchange for a note (the "Note") and

deed of trust (the "Deed of Trust," together with the Note, the "Loan") that memorialized

Plaintiff's repayment obligations and granted New Century a security interest in the Property.

Lehman Brothers Bank, FSB (n/k/a Aurora Commercial Corporation) ("Aurora") acquired the

Loan on or about March 28, 2006 and, on or about June 30, 2006, the Loan was transferred from

Aurora to LBHI and from LBHI to Structured Asset Securities Corporation ("SASCO"), another

debtor in the Chapter 11 Cases.  On the same day, SASCO sold its interest in the Loan into a

securitization trust called Structured Asset Investment Loan Trust, 2006-4 ("SAIL 2006-4").

U.S. Bank, N.A. ("US Bank") is the trustee for SAIL 2006-4.  Following the transfer from

SASCO to SAIL 2006-4, Lehman has no record of an interest in the Loan or the Property and

LBHI's only involvement with same has come in connection with a number of actions

---

[2] In addition to the facts referred to in the Complaint, the Court can and should take judicial notice of the additional facts set forth herein regarding the pleadings filed and the orders entered in connection with Plaintiff's many bankruptcy cases.  *See* FED. R. EVID. 201(f) ("Judicial notice may be taken at any stage of the proceeding."); *Chase v. Chase (In re Chase)*, 392 B.R. 72, 80 (Bankr. S.D.N.Y. 2008) (On motion to dismiss, court may take judicial notice of "prior pleadings, orders, judgments, and other items appearing in the Court's records of prior litigation that is closely related to the case *sub judice* . . . ."); *see also Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.,* 969 F.2d 1384, 1388 (2d Cir.1992) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (internal quotation omitted); *Evergreen Solar, Inc. v. Barclays PLC (In re Lehman Brothers Holdings Inc.),* 2011 WL 722582*3 n.6 (Bankr. S.D.N.Y. 2011).

2

commenced by Plaintiff in violation of the automatic stay extant in LBHI's Chapter 11 Case pursuant to section 362 of the Bankruptcy Code (the "<u>Automatic Stay</u>").[3]  *See* 11 U.S.C. §362.

5.       Plaintiff apparently ran into financial difficulties shortly after acquiring the Property and, on or about December 15, 2006, a notice of trustee's sale that set a foreclosure sale date of January 3, 2007 was recorded against the Property.  In an apparent effort to delay the foreclosure sale, Plaintiff filed a case under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "<u>California Bankruptcy Court</u>") on December 28, 2006 [Case No. 06-12470].  Several months later, SAIL 2006-4, through its servicer, moved for relief from the automatic stay to allow the commencement or continuation of a foreclosure action in connection with SAIL 2006-4's interest in the Loan.  The California Bankruptcy Court granted the motion on July 10, 2007 and Plaintiff's initial chapter 13 case was dismissed on August 7, 2007.  A copy of the order dismissing Plaintiff's first case is attached hereto as <u>Exhibit 1</u>.  That very same day, Plaintiff filed a second case under chapter 13 of the Bankruptcy Code [Case No. 07-12413].  Plaintiff evidently realized that her second bankruptcy case was likely to reach the same outcome as the first and, on or about January 31, 2008, a date which is prior to the dismissal of her second bankruptcy case, Plaintiff filed a third case, this time under chapter 11 of the Bankruptcy Code [Case No. 08-10444].  A copy of the order dismissing Plaintiff's second case is attached hereto as <u>Exhibit 2</u>.

6.       On April 24, 2009, approximately six weeks after Plaintiff's third bankruptcy case was dismissed, Plaintiff filed for protection under chapter 11 of the Bankruptcy Code once again [Case No. 09-13687].  A copy of the notice of dismissal of Plaintiff's third case is attached hereto as <u>Exhibit 3</u>.  Plaintiff's fourth case was dismissed approximately one month

---

[3] *See, e.g.* Adv. Pro. Nos. 09-01731, 09-01691 and 10-01036; United States Bankruptcy Court for the Central District of California.

US_ACTIVE:\44277190\6\58399.0003

later for failure to pay the filing fee.  A copy of the order dismissing Plaintiff's fourth case is attached hereto as Exhibit 4.  Undaunted, Plaintiff filed yet another chapter 11 case on August 27, 2009, which case was dismissed on or about December 29, 2009 [Case No. 09-19015].  A copy of the order dismissing Plaintiff's fifth case is attached hereto as Exhibit 5.  Two weeks later, Plaintiff reverted to chapter 13 of the Bankruptcy Code for her next filing, but was no more successful as her case was dismissed several months later [Case No. 10-10368].  A copy of the order dismissing Plaintiff's sixth case is attached hereto as Exhibit 6.

7.      On March 5, 2010, Plaintiff commenced a case under chapter 7 of the Bankruptcy Code, which case ultimately resulted in Plaintiff's discharge on February 17, 2011 [Case No. 10-12790].  A copy of the order closing Plaintiff's seventh case is attached hereto as Exhibit 7.

8.      Notwithstanding the discharge she had received a mere 11 months earlier, Plaintiff commenced yet another case under chapter 13 of the Bankruptcy Code on January 26, 2012 (the "Chapter 13 Case") [Case No. 12-11026].  This case, which appears to have been Plaintiff's final effort in the California Bankruptcy Court, represented the *eighth* time in five years that Plaintiff sought protection under the Bankruptcy Code.[4]  Notably, Plaintiff failed to include her alleged claims against LBHI in the disclosures she provided in connection with the Chapter 13 Case.  *See* Chapter 13 Petition and Schedules of Assets and Liabilities, attached hereto as Exhibit 8.  A copy of the order dismissing Plaintiff's eighth case is attached hereto as Exhibit 9.

9.      On or about January 27, 2012, US Bank, in its capacity as trustee for SAIL 2006-4, appears to have acquired title to the Property through a trustee's sale following

---

[4] These cases are in additional to the two bankruptcy cases Plaintiff filed in the 1990s (Case Nos. 95-14724 and 96-12008).

US_ACTIVE:\44277190\6\58399.0003

foreclosure proceedings.[5]  *See* Trustees Deed Upon Sale, attached hereto as <u>Exhibit 11</u>.  Finally, on August 31, 2012, nearly five and a half years after Plaintiff initially defaulted on the Loan, the Superior Court of California, Orange County, entered an order awarding US Bank, as trustee, possession of the Property.  *See* Unlawful Detainer Order, attached hereto as <u>Exhibit 12</u>.

## THE COMPLAINT

10.     Notwithstanding the substantial experience Plaintiff has accumulated representing herself in connection with the above-described bankruptcy cases and related adversary proceedings, the Complaint manifestly fails to state a claim upon which relief may be granted.  Rather than setting forth the factual allegations necessary to plead any of her claims, Plaintiff dedicates the bulk of the Complaint to disparaging statements about third parties not before the Court, bare references to various statutory and common law causes of action, and an apparently random recitation of certain elements of same.  Indeed, the Plan Administrator is only able to identify three instances where Plaintiff alleges conduct on the part of LBHI that arguably could form the basis for a claim.

11.     First, Plaintiff alleges that Wells Fargo Bank, N.A. ("<u>WFB</u>"), US Bank, New Century and First American Trustee Solutions ("<u>FATS</u>") were acting as LBHI's agents in connection with their respective activities related to the Loan and the Property.  *See* Complaint, ¶3.[6]  Second, Plaintiff asserts that "[o]n May 18, 2004, Defendant LBH conspired with Defendants [New Century] and WFB to commit fraud against Plaintiff."  Complaint, ¶16.

---

[5] For reasons that are unclear, the Automatic Stay appears not to have been applicable in the Chapter 13 Case.  Plaintiff filed an *ex parte* motion seeking a temporary restraining order one day after she commenced the Chapter 13 Case, which motion was denied by the California Bankruptcy Court on the same day.  *See* Order Denying Temporary Restraining Order, attached hereto as <u>Exhibit 10</u>.  The absence of an Automatic Stay may have been the result of an order or orders entered in one of Plaintiff's previous bankruptcy cases.

[6] The Complaint contains two paragraphs that are numbered "3."  This reference is to the paragraph 3 that appears on page 2 of the Complaint.

5

Finally, though puzzlingly, Plaintiff devotes several paragraphs to various permutations of the

assertion that LBHI lacked authorization and/or standing to foreclose on the Loan.  Complaint,

¶¶39 - 42.  As set forth below in greater detail, none of these allegations is sufficient to state a

claim against LBHI and, accordingly, the Complaint should be dismissed.

## ARGUMENT

12.    The Complaint, which appears to be cobbled together from a number of

documents filed in other cases, is wholly inadequate.  Even accepting all of the statements and

jeremiads contained in the Complaint as true, Plaintiff fails to state a claim upon which relief

may be granted.  Further, the Bar Date Order precludes Plaintiff from asserting claims related to

the Loan or the Property that arose prior to the Commencement Date.  Finally, having failed to

disclose her alleged claims against LBHI in connection with the Chapter 13 Case, Plaintiff is

now barred by the doctrine of judicial estoppel from seeking any recoveries in connection with

such claims.  The Complaint should, therefore, be dismissed.[7]

**1.  The Complaint Should Be Dismissed for Failure to State a Claim Upon Which Relief May Be Granted**

13.    FRCP 12(b)(6), which is made applicable to this proceeding by

Bankruptcy Rule 7012, allows a party to move to dismiss a cause of action for "failure to state a

claim upon which relief can be granted."  FED.R.CIV.P. 12(b)(6); *see also* FED.R.BANKR.P.7012.

In reviewing a 12(b)(6) motion, a court is required to accept all factual allegations in the

complaint as true, and to draw all reasonable inferences in plaintiff's favor.  *See EEOC v. Staten

Island Sav. Bank*, 207 F.3d 144 (2d Cir. 2000).  "A court does not, however, have to accept as

---

[7] Though subject matter jurisdiction is a threshold issue in this matter, Plaintiff's arguments regarding same are so contradictory and difficult to follow (*see* Complaint, pp. 2 and 3) that the Plan Administrator is not able to formulate a reasoned response.  The Plan Administrator reserves its right to seek the dismissal of the Complaint for lack of subject matter jurisdiction under FRCP 12(b)(1), made applicable to this matter by Bankruptcy Rule 7012.  FED.R.CIV.P. 12(b)(1); *see also* FED.R.BANKR.P.7012.

US_ACTIVE:\44277190\6\58399.0003

true 'conclusions of law or unwarranted deductions of fact[,]' and the court employs a 'flexible

plausibility standard,' which requires the pleader to supplement a claim with factual allegations

where necessary to 'render the claim plausible.'" *Andino v. Fischer*, 698 F. Supp. 2d 362, 375

(S.D.N.Y. 2010) (internal citations omitted).

14.     FRCP 8(a)(2), which is made applicable to this proceeding by Bankruptcy

Rule 7008, requires that the Complaint contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). As this Court recently noted, the

Supreme Court has directed courts to consider two underlying principles in assessing a complaint

under FRCP 8.

> *First*, the tenet that a court must accept as true all of the allegations contained in a
> complaint is inapplicable to legal conclusions. Thus a recitation of the elements
> of a cause of action, supported by mere conclusory statements, is insufficient.
> *Second*, only a complaint that states a plausible claim for relief survives a motion
> to dismiss. In determining plausibility, the court must draw on its judicial
> experience and common sense, and determine whether the factual allegations
> raise a right to relief above a speculative level. In addition, although the court
> must take the plaintiff's allegations as true, the claim may still fail as a matter of
> law . . . if the claim is not legally feasible.

*Picard v. Chais (In re Bernard L. Madoff Inv. Sec. LLC)*, 440 B.R. 282, 289 (Bankr. S.D.N.Y.

2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 127

S.Ct. 1955 (2007)) (internal quotations and citations omitted).

15.     While complaints filed by *pro se* litigants are generally "reviewed under a

more lenient standard than that applied to formal pleadings drafted by lawyers," it remains the

case that "failure to plead the basic elements of a cause of action may result in dismissal."

*Tompkins v. Local 32BJ, SEIU*, 2011 WL 797706 *3 (S.D.N.Y. Feb 1, 2011).

16.     Though the Complaint is comprised of claims for fraud, conspiracy to

commit fraud, negligent misrepresentation, violations of state laws relating to negotiable

7

instruments and recording, violation of a provision of the Real Estate Settlement Procedures Act

relating to mortgage loan servicing, and "Robo signing and Fabrication of Documents," Plaintiff

fails to even allege facts (regardless of plausibility) that could support a finding that the elements

of any of her claims have been satisfied.  Indeed, having listed all of the above causes of action

on the face of the Complaint, Plaintiff appears to abandon most of them to focus on three claims

of more limited scope: agency, fraud, and lack of standing/authority.  Even limited to this more

modest suite of claims, however, Plaintiff nonetheless fails to allege facts sufficient to satisfy

even the lowest pleading standard.

17.    To plead an agency relationship under California law, "a plaintiff must

allege: (1) that the agent or apparent agent holds power to alter legal relations between [the]

principal and third persons and between [the] principal and himself; (2) that the agent is a

fiduciary with respect to matters within [the] scope of [the] agency; and (3) that the principal has

[the] right to control [the] conduct of [the] agent with respect to matters entrusted to him."

*Buchanan v. Neighbors Van Lines*, 2010 WL 4916644, *3 (C.D. Cal. Nov. 29, 2010) (citing

*Garlock Sealing Technologies LLC v. NAK Sealing Technologies Corp.*, 148 Cal.App.4th 937,

965, 56 Cal.Rptr.3d 177 (2007)).  A cause of action that depends upon agency should be

dismissed under Rule 12(b)(6) where the only basis for the agency relationship is "nothing more

than legal conclusions of the type prohibited by *Iqbal* and *Twombly*." *Id*.

18.    Plaintiff fails to allege facts sufficient to establish any of these elements.

Indeed, the only agency-related allegations contained in the Complaint are poorly disguised legal

conclusions of the type *Iqbal* and *Twombly* expressly caution against:

> The plaintiff is informed and believes and thereon alleges that, at all times herein
> mentioned, [WFB, US Bank, New Century and FATS] [indecipherable] agent and
> employee of [LBHI], and in doing the things herein alleged was acting within the
> course and scope of such agency and herein alleged was acting within the course

8

and scope of [indecipherable] agency and employment and with the permission
and consent of his/her codefendant.

Complaint, ¶3.  Plaintiff, therefore, fails to allege facts sufficient to support any of the any of the

elements of agency and all of Plaintiff's agency-related claims should be dismissed.

19.     Plaintiff's fraud-related claim is similarly starved of supporting detail – a

deficiency that is magnified by the heightened pleading standards for fraud claims.  FRCP 9(b),

which is made applicable to this proceeding by Bankruptcy Rule 7009, provides that "[i]n

alleging fraud or mistake, a party must state with particularity the circumstances constituting

fraud or mistake."  FED.R.CIV.P. 9(b); *see also*, FED.R.BANKR.P. 7009.  In order to meet the

particularity requirement of FRCP 9(b), Plaintiff must allege scienter and also "(i) specify the

statements that plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and

when the statements were made, and (4) explain why the statements were fraudulent."  *Acito v.*

*Imcera Group, Inc.,* 47 F.3d 47, 51 (2d Cir. 1995).

20.     The only allegation that arguably goes to Plaintiff's fraud claim is her

statement that, "[o]n May 18, 2004 Defendant [LBHI] conspired with Defendants [New Century]

and [WFB] to commit fraud against Plaintiff."  Complaint, ¶16.  Plaintiff's allegation is nothing

short of bizarre.  Plaintiff and New Century did not enter into the Loan until January 13, 2006

and Lehman did not become involved with the Loan until June of that year – more than two

years after the allegedly fraudulent conduct occurred.  This statement plainly fails the plausibility

test from *Iqbal* and *Twombly*.  Moreover, the Complaint fails to meet any of the requirements for

pleading fraud under FRCP 9(b):  Plaintiff fails to allege scienter, fails to specify LBHI's

allegedly fraudulent statement, fails to identify the speaker, fails to state where the statement was

made, and fails to explain why the statement was fraudulent.  In short, Plaintiff's fraud-related

claim is hopelessly inadequate and should be dismissed.

9

21.    Plaintiff's remaining allegations appear to relate to LBHI's alleged involvement in the foreclosure.  Though difficult to follow, Plaintiff appears to be seeking a declaration that LBHI has no rights in connection with the Loan and no standing to foreclose on the Property.  *See* Complaint, ¶¶39-42.  However, these allegations do not constitute a claim because LBHI does not claim an interest in the Loan and was not involved in the foreclosure.  As Plaintiff herself admits, LBHI transferred its interest in the Loan to SAIL 2006-4 in the summer of 2006.  *See* Complaint, ¶18.  Further, as set forth in the Trustee's Deed Upon Sale and the Unlawful Detainer Order, US Bank, acting in its capacity as trustee of SAIL 2006-4, and not LBHI, was the entity involved in the foreclosure.  Plaintiff is apparently conflating LBHI with SAIL 2006-4.  They are, however, separate legal entities and SAIL 2006-4's conduct, wrongful or not, cannot be attributed to LBHI.  Plaintiff fails to provide any plausible explanation for her theory that LBHI somehow remained closely involved with the Loan more than six years after disposing of its interest.  Plaintiff's claims relating to the foreclosure fail to meet even the most basic plausibility standard and should be dismissed.

**2.    All of Plaintiff's Claims Are Barred by the Bar Date Order**

22.    Even if this Court were to find that the allegations contained in the Complaint were facially sufficient to meet some minimal pleading standard, the Complaint should still be dismissed because Plaintiff's claims, which arise out of transaction that closed two years before the Bar Date, are barred by the Bar Date Order.  Pursuant to the Bar Date Order, parties who failed to file a proof of claim prior to the Bar Date are "forever barred, estopped and enjoined from asserting such claim against [LBHI] and [LBHI] and its property shall be forever discharged from any and all indebtedness or liability with respect to such claim."  Plaintiff did not file a proof of claim in the Chapter 11 Cases in advance of the Bar Date nor has Plaintiff sought relief from the Bar Date Order to file a late claim.  Accordingly, to the extent that

10

Plaintiff ever had a claim against LBHI, such claim is now discharged and LBHI retains no

liability in connection therewith.  The Complaint, therefore, should be dismissed.

### 3.  Plaintiff's Claims Are Also Barred by the Doctrine of Judicial Estoppel

23.    Plaintiff's claims are also barred by the doctrine of judicial estoppel.  In

the bankruptcy context, judicial estoppel generally applies to preclude a debtor from asserting

claims that are inconsistent with a position the debtor has taken previously in the bankruptcy

case.  *See Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir. 2001) ("In the

bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a

reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements");

*see also Adrogué Chico S.A. v. FleetBoston Fin. Corp.*, 427 F. Appx. 43 (2d Cir. 2011).  The

rationale for the use of this doctrine is that the "integrity of the bankruptcy system depends on

full and honest disclosure by debtors of all their assets."  *Kunica v. St. Jean Fin., Inc.,* 233 B.R.

46, 58 (S.D.N.Y. 1999), *quoting Rosenshein v. Kleban,* 918 F.Supp. 98, 102 (S.D.N.Y. 1996).

Debtors have an affirmative duty to disclose assets to the bankruptcy court, which includes all

potential causes of action that can be brought by the debtor.  *See* 11 U.S.C. § 541(a)(1); 11

U.S.C. 521(a)(1); *see also Chartschlaa v. Nationwide Mut. Ins. Co.,* 538 F.3d 116, 122 (2d Cir.

2008); *Browning Mfg. v. Mims (In re Coastal Plains, Inc.),* 179 F.3d 197, 207-08 (5th Cir. 1999)

(holding that debtors have an "express affirmative duty to disclose all assets, *including*

*contingent and unliquidated claims*") (emphasis in original).  Thus the failure to disclose legal

claims to the bankruptcy court precludes a debtor from raising such claims in subsequent

proceedings.  Further, the application of judicial estoppel is not merely limited to cases where the

debtor received discharge, but also extends to dismissals.  *See Kunica,* 233 B.R. at 58 ("[T]he

distinction between discharge and dismissal is particularly lacking in substance in the context of

judicial estoppel").

US_ACTIVE:\44277190\6\58399.0003

24.     The Chapter 13 Case was closed approximately six months after the foreclosure, meaning that all of the conduct complained of the Complaint, and which could possibly form the basis for Plaintiff's claims, occurred prior to or during the Chapter 13 Case.  If Plaintiff ever had claims against LBHI, she had an affirmative duty, which she failed to discharge, to disclose them to the California Bankruptcy Court in the Chapter 13 Case.  This failure is akin the hiding an asset from the California Bankruptcy Court and thereby depriving Plaintiff's creditors of a potential benefit.  Plaintiff cannot now seek to revive such claims and prosecute them for her own advantage.  As all of the claims set forth in the Complaint are barred by judicial estoppel, Plaintiff has not and cannot asset a claim on which relief may be granted and the Complaint should be dismissed.

## CONCLUSION AND REQUESTED RELIEF

25.     For the foregoing reasons, the Complaint should be dismissed in its entirety with prejudice pursuant to FRCP 12(6) and Bankruptcy Rule 7012(b).  LBHI further seeks any other relief to which it may be entitled.

Dated: July 8, 2013
  New York, New York

      /s/ Jacqueline Marcus    
      Jacqueline Marcus
      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Lehman Brothers Holdings Inc.

US_ACTIVE:\44277190\6\58399.0003

**Exhibit 1**
**(Order Dismissing First Bankruptcy Case)**

```
 1 │  Amrane Cohen
    │  Chapter 13 Trustee
 2 │  Orange City Square
    │  770 The City Drive South, Suite 3300
 3 │  Orange, California 92868
```

FILED

AUG – 7 2007

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

LODGED

JUL 3 1 2007

ENTERED

AUG – 8 2007

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

```
In Re   EL VEASTA LAMPLEY          Bk. No.  SA-06-12470-TA

         20051 BIG BEND LANE        ORDER RE: DISMISSAL
         92646
                                    DATE: June 26, 2007
                        Debtor(s)   TIME:  1:30 PM
```

The above named debtor(s), having filed a petition for relief in

accordance with the provisions of Chapter 13 of the Bankruptcy Code on

December 28, 2006    and said petition coming on for confirmation, evidence

being offered and received and the Judge being fully advised in the premises,

NOW THEREFORE,

IT IS ORDERED that this proceeding under Chapter 13 is dismissed.

Dated:  AUG – 7 2007                    _____

                                        Bankruptcy Judge

(Trustee Form #28 Rev-12/30/05)

**Exhibit 2**
**(Order Dismissing Second Bankruptcy Case)**



1    AMRANE COHEN
     CHAPTER 13 TRUSTEE
2    770 The City Drive South, Suite 3300
     Orange CA, 92868
3    Tel: (714) 621-0200
     Fax: (714) 621-0277
4

FILED

MAR - 6 2008

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

ENTERED

MAR - 7 2008

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

FILED

MAR - 4 2008

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

IN RE:

EL VEASTA LAMPLEY
20051 BIG BEND LANE
HUNTINGTON BEACH, CA
92646

Chapter 13
Case No.: SA-07-12413-TA

ORDER RE: ORDER GRANTING TRUSTEE'S
MOTION TO DISMISS CASE

DATE: 2/19/2008
TIME: 2:00 pm
CRTRM: 5B

        The hearing in the above-referenced matter having come on to be heard on the date, at

the time, and in the above-referenced courtroom, with the parties being present as stated on the

record, and the Court having considered the matter, and good cause appearing therefor,

        IT IS ORDERED AS FOLLOWS:

        1. This case is dismissed and all stays are vacated.

Dated:  MAR - 6 2008

_____
The Hon. THEODOR C. ALBERT
Bankruptcy Judge

ORIGINAL



**Exhibit 3**
**(Order Dismissing Third Bankruptcy Case)**

ORIGINAL



FILED

MAR I 0 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY          Deputy Clerk



ENTERED

MAR 11 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY          Deputy Clerk

1  PETER C. ANDERSON
   United States Trustee
2  FRANK M. CADIGAN (Bar No.: 95666)
   Assistant United States Trustee
3  OFFICE OF THE UNITED STATES TRUSTEE
   Ronald Reagan Federal Building
4       and United State Courthouse
   411 West Fourth Street, Suite 9041
5  Santa Ana, California 92701-8000
   Telephone:  (714) 338-3400
6  Facsimile:  (714) 338-3421
   Email Address: frank.cadigan@usdoj.gov

7

8              UNITED STATES BANKRUPTCY COURT
                CENTRAL DISTRICT OF CALIFORNIA
9                    SANTA ANA DIVISION

10  In re                          )    No.   8:08-10444-TA
                                    )
11  EL VEASTA LAMPLEY               )    Chapter 11
                                    )
12                                  )    Date: February 11, 2009
                                    )    Time: 10:00 A.M.
13            Debtor.               )    Courtroom: "5B"- Theodor C. Albert
                                    )
14                                  )    ORDER GRANTING THE U.S.
                                    )    TRUSTEE'S MOTION TO DISMISS CASE
15                                  )    WITHOUT PREJUDICE PURSUANT TO
                                    )    11 U.S.C. SECTION 1112(b)
16                                  )

17      The Court having considered the U.S. Trustee's Motion  Convert Case to a Case

18  Under Chapter 7, pursuant to 11 U.S.C. section 1112(b), United States Code and the oral

19  arguments of the parties, and issued its findings of facts and conclusions of law, pursuant to

20  Rule 7052 and 9014 of the Federal Rules of Bankruptcy Procedure,

21      **IT IS HEREBY ORDERED THAT** this case is dismissed pursuant to 11 U.S.C.

22  §1112(b).

23                                       ###

    Dated:  MAR 1 0 2009

24                                       _____
                                         **THEODOR C. ALBERT**
25                                       U.S. Bankruptcy Judge

26

27

28

**Exhibit 4**
**(Order Dismissing Fourth Bankruptcy Case)**

# United States Bankruptcy Court
## Central District Of California

### 411 West Fourth Street, Suite 2030, Santa Ana, CA 92701-4593

## NOTICE OF DISMISSAL

**DEBTOR INFORMATION:**
El Veasta Lampley

**BANKRUPTCY NO.** 8:09-bk-13687-TA

**CHAPTER** 11

**Last four digits of Social-Security or Individual Taxpayer-Identification (ITIN) No(s)., (if any):** xxx-xx-4181
**Employer Tax-Identification (EIN) No(s).(if any):** N/A
**Debtor Dismissal Date:** N/A

**Address:**
20051 Big Bend Lane
Huntington Beach, CA 92646

You are notified that an order was entered **DISMISSING** the above-captioned case and vacating the discharge if previously entered.

Dated: April 27, 2009

For The Court,

**Jon D. Ceretto**
Clerk of Court

(Form ntcdsm Rev. 03/09) VAN-24

**10 / COR**

**<u>Exhibit 5</u>**
**(Order Dismissing Fifth Bankruptcy Case)**

1  PETER C. ANDERSON
   United States Trustee
2  **Nancy S. Goldenberg (Bar No. 167544)**
   **Attorney for the U.S. Trustee**
3  Ronald Reagan Federal Building
   411 West Fourth Street, Suite 9041
4  Santa Ana, CA 92701-8000
   Telephone: (714) 338-3400
5  Facsimile: (714) 338-3421
6  Email: Nancy.Goldenbeg@usdoj.gov

ORIGINAL

**FILED**
DEC 1 7 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

**ENTERED**
DEC 1 7 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

7

8                    UNITED STATES BANKRUPTCY COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10                         SANTA ANA DIVISION

11  In re:                          CASE NUMBER: 8:09-19015-TA

12  EL VEASTA LAMPLEY,              CHAPTER 11

13  LODGED DEC - 3 2009 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA Deputy Clerk   ORDER DISMISSING CASE

14
                                    DATE:  December 3, 2009
15                                  TIME:  10:00 A.M.
16                                  CTRM:  5B
17                         Debtor

18      A Status Conference in this Chapter 11 Case was held on December 3, 2009 at

19  10:00 a.m. Nancy S. Goldenberg appeared on behalf of the United States Trustee for Region

20  16. Other appearances were noted on the Court's records.

21      Based upon all pleadings and papers on file in this matter, including Debtor's failure to file

22  a Status Report in violation of this Court's order, as well as Debtor's failure to comply with all

23  U.S. Trustee requirements, upon this Court's own motion

24

25

26

27

28

1    **IT IS HEREBY ORDERED THAT** the Chapter 11 case of El Veasta Lampley (8-09-19015-TA) is

2    dismissed.

3

4    **IT IS SO ORDERED**

5

6    DEC 1 7 2009

7                                                     Honorable Theodor Albert
                                                     United States Bankruptcy Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Exhibit 6</u>**
**(Order Dismissing Sixth Bankruptcy Case)**

PETER C. ANDERSON
United States Trustee
Frank M. Cadigan (Bar No. 95666)
Assistant U.S. Trustee
Ronald Reagan Federal Building
    & U.S. Courthouse
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701-8000
Telephone: (714) 338-3400
Facsimile: (714) 338-3421
Email: frank.cadigan@usdoj.gov

ORIGINAL



FILED
MAR - 2 2010
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk



ENTERED
MAR - 2 2010
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

In re:

EL VEASTA LAMPLEY,

LODGED
FEB 2 2 2010
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

                                    Debtor

CASE NUMBER: 8:10-10368-TA

CHAPTER 13

ORDER GRANTING THE U.S. TRUSTEE'S
MOTION TO DISMISS CASE WITH
PREJUDICE PURSUANT TO 11 U.S.C.
SECTION 1307( c); 109(g) AND 105(a) WITH
A ONE YEAR BAR TO REFILING CHAPTER
11 OR 13 AND WITHOUT LEAVE OF COURT
A CHAPTER 7

DATE: February 16, 2010
TIME: 11:00 A.M.
CTRM: 5B

The matter of the United States Trustee's Motion to Dismiss With Prejudice and With a

Bar to Re-filing bankruptcy for two years, under any Chapter, in the judicial district of the United

States of America, having come on regularly for hearing on the date and time indicated above

and the United States Trustee having appeared through Frank M. Cadigan and the Debtor

having appeared in pro se, and the Court having heard the arguments of the United States

Trustee and the Debtor and having read and considered the pleadings on file and being fully

advised in the premises and good cause appearing, and based on the comments made on the

record, and in the tentative ruling and Findings of Fact and Conclusions of Law filed concurrently

with this Order:

/ / /

**IT IS HEREBY ORDERED,** that the United States Trustee's Motion is granted in part; and,

**IT IS FURTHER ORDERED,** that the Debtor, El Veasta Lampley, shall not file a bankruptcy petition under Chapter 11 or Chapter 13, for a period of 365 days after the entry of the Order, in any judicial district of the United States of America; and,

**IT IS FURTHER ORDERED,** that the Debtor, El Veasta Lampley, shall not file a bankruptcy petition under Chapter 7, for a period of 365 days after entry of the Order, in any judicial district of the United States of America, without first applying to this Court for permission to file a Chapter 7 bankruptcy case; and,

**IT IS FURTHER ORDERED**, that this Court retains jurisdiction over this case to entertain the imposition of sanctions or other appropriate relief, in the event the Debtor violates any provision of this Order.

###

Dated:    MAR - 2 2010

THEODOR C. ALBERT

**Exhibit 7**
**(Order Closing Seventh Bankruptcy Case)**

# UNITED STATES BANKRUPTCY COURT
## *Central District Of California*

| Debtor(s) Name:<br><br>El Veasta Lampley | For Court Use Only |
|---|---|
| | **FILED**<br><br>**March 3, 2011**<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY RCG DEPUTY CLERK |
| **Chapter: 7**<br><br>**Case Number:  8:10−bk−12790−TA** | # ORDER CLOSING CASE |

*Order of Discharge in the above referenced case was entered on 2/15/11, and notice was provided to parties in interest. Since it appears that no further matters are required that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged from his/her duties in this case, his/her bond is exonerated, and the case is closed.*

*Dated: 3/3/11*

*By Order of the United States Bankruptcy Court*

**Kathleen J. Campbell**
*Clerk of Court*

68/ RCG

**<u>Exhibit 8</u>**
**(Disclosures Filed in Connection with Chapter 13 Case)**

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**

**VOLUNTARY PETITION**

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| Lampley, El Veasta | |

| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
|---|---|

| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): 4181 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
|---|---|

| Street Address of Debtor (No. and Street, City, and State): 20051 Big Bend Lane Huntington Beach, Ca | Street Address of Joint Debtor (No. and Street, City, and State): |
|---|---|
| ZIP CODE 92646 | ZIP CODE |

| County of Residence or of the Principal Place of Business: Orange | County of Residence or of the Principal Place of Business: |
|---|---|

| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
|---|---|
| | ZIP CODE |

| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |
|---|---|

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [x] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [x] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box.)

- [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [ ] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (amount subject to adjustment on 4/01/13 and every three years thereafter).

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

FILED

JAN 26 2012

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

8:12-11026-TA

A. Cohen

**- Voluntary Petition**

*(This page must be completed and filed in every case.)*

Name of Debtor(s):
**Lampley, El Veasta**

Page 2

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** *(If more than two, attach additional sheet.)* | | |
|---|---|---|
| Location<br>Where Filed: Central District of California | Case Number:<br>809bk19015 | Date Filed:<br>08/27/2009 |
| Location<br>Where Filed: Central District of California | Case Number:<br>810bk12790 | Date Filed:<br>03/19/2010 |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** *(If more than one, attach additional sheet.)* | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐    Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)        (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☐    No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐    Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
*(Check any applicable box.)*

☐    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*(Check all applicable boxes.)*

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (12/07)

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case.)* | Lampley, El Veasta |
| | Page |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _El Veasta Lampley_____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X _____
Signature of Attorney for Debtor(s)

_____
Printed Name of Attorney for Debtor(s)

_____
Firm Name

_____
_____
Address

_____
Telephone Number

_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

Central District of California

In re E/Ve4S/A Laapsley
_____ Debtor _____

Case No. _____
(if known)

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☐ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

Page 2

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☑ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____

Date: _____1/26/2012_____

Additional Bankruptcy Cases

8:09 bk 13687 filed 4/21/09

8:08 bk 10444 filed 1/31/08

8:07 bk 12413 filed 8/7/07

B6A (Official Form 6A) (12/07)

In re _Lampley, Elveasta_____
            **Debtor**

Case No. _____
                    **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 20051 Big Bend Huntington Beach | | | 650,000 | 810,000 |

Total ▶ 650,000

(Report also on Summary of Schedules.)

B 6B (Official Form 6B) (12/07)

In re ___Lampley, Cleas, A___
                    Debtor

Case No. _____
                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | ✓ | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | ✓ | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | ✓ | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | ✓ | 37" inch TV | | 300 — |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | ✓ | | | |
| 6. Wearing apparel. | ✓ | | | |
| 7. Furs and jewelry. | ✓ | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | ✓ | | | |
| 10. Annuities. Itemize and name each issuer. | ✓ 5 | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | ✓ 8 9 | | 7 7 | 8 8 |

B 6B (Official Form 6B) (12/07) -- Cont.

In re ___El VeASt4 LAmpley_____
Debtor

Case No. _____
(If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | ✓ | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | ✓ | | | |
| 14. Interests in partnerships or joint ventures.  Itemize. | ✓ | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | ✓ | | | |
| 16. Accounts receivable. | ✓ | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | ✓ | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | ✓ | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | ✓ | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | ✓ | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | ✓ | | | |

In re _____
              **Debtor**

Case No. _____
                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | ✓ | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | ✓ | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | ✓ | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2002 MBZ 2005 Big Bear N/B | | 1,200. |
| 26. Boats, motors, and accessories. | ✓ | | | |
| 27. Aircraft and accessories. | | | | |
| 28. Office equipment, furnishings, and supplies. | | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | ✓ | | | |
| 30. Inventory. | ✓ | | | |
| 31. Animals. | ✓ | | | |
| 32. Crops - growing or harvested. Give particulars. | ✓ | | | |
| 33. Farming equipment and implements. | ✓ | | | |
| 34. Farm supplies, chemicals, and feed. | ✓ | | | |
| 35. Other personal property of any kind not already listed. Itemize. | ✓ | | | |

_____ continuation sheets attached    Total ▶    $ | 1200.

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

B6I (Official Form 6I) (12/07)

In re _Langley, Elizastn_
        **Debtor**

Case No. _____
                  **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| RELATIONSHIP(S): | | |
| **Employment:** | DEBTOR | AGE(S): |
| Occupation | _Clsabled_ | |
| Name of Employer | | SPOUSE |
| How long employed | | |
| Address of Employer | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ _817 00_ | $ _____ |
| 2. Estimate monthly overtime | $ _____ | $ _____ |
| 3. SUBTOTAL | | |
| 4. LESS PAYROLL DEDUCTIONS | $ _____ | $ _____ |
|    a. Payroll taxes and social security | $ _____ | $ _____ |
|    b. Insurance | $ _____ | $ _____ |
|    c. Union dues | $ _____ | $ _____ |
|    d. Other (Specify): _____ | $ _____ | $ _____ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ _____ | $ _____ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ _817 00_ | $ _____ |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ _____ | $ _____ |
| 8. Income from real property | $ _____ | $ _____ |
| 9. Interest and dividends | $ _____ | $ _____ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ _____ | $ _____ |
| 11. Social security or government assistance (Specify): _SS DI_ | $ _817_ | $ _____ |
| 12. Pension or retirement income | $ _____ | $ _____ |
| 13. Other monthly income (Specify): _____ | $ _____ | $ _____ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ _____ | $ _____ |
| 15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $ _817_ | $ _____ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ _817 00_ | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

_My son is moving in and willing to pay payments on house._

B6J (Official Form 6J) (12/07)

In re _Langley, El Vista_,                                    Case No. _____
           Debtor                                                                (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | |
|   a. Are real estate taxes included? | Yes _____ No _____ | |
|   b. Is property insurance included? | Yes _____ No _____ | $ _____ |
| 2. Utilities:  a. Electricity and heating fuel | | $ _____ |
|   b. Water and sewer | | $ ___60___ |
|   c. Telephone | | $ ___60___ |
|   d. Other | | $ ___50___ |
| 3. Home maintenance (repairs and upkeep) | | $ _____ |
| 4. Food | | $ _____ |
| 5. Clothing | | $ _____ |
| 6. Laundry and dry cleaning | | $ ___100___ |
| 7. Medical and dental expenses | | $ _____ |
| 8. Transportation (not including car payments) | | $ _____ |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ _____ |
| 10. Charitable contributions | | $ ___100___ |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | $ _____ |
|   a. Homeowner's or renter's | | $ _____ |
|   b. Life | | |
|   c. Health | | $ _____ |
|   d. Auto | | $ _____ |
|   e. Other | | $ _____ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) _____ | | $ _____ |
| | | $ _____ |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|   a. Auto | | $ _____ |
|   b. Other _____ | | $ _____ |
|   c. Other _____ | | $ _____ |
| 14. Alimony, maintenance, and support paid to others | | $ _____ |
| 15. Payments for support of additional dependents not living at your home | | $ _____ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ _____ |
| 17. Other _____ | | $ _____ |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ _370.00_ |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

## 20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---|
| a. Average monthly income from Line 15 of Schedule I | | $ 817 |
| b. Average monthly expenses from Line 18 above | | $ 370 |
| c. Monthly net income (a. minus b.) | | $ 347 |

Mailing List

El Veasta Lampley, Debtor
20051 Big Bend Lane
Huntington Beach, CA  92646

U.S. Trustee
Department of Justice
411 West Fourth Street, Suite 9041
Santa Ana, Ca 92701-4593

Mailing List of Creditors


Wells Fargo National Bank
c/o Severson & Werson
19100 Von Karman Ave, Suite 700
Irvine, Ca 92612

U.S.Bank National
c/o Severson & Werson
19100 Von Karman Ave, Suite 700
Irvine, Ca 92612

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

### Central District of California

In re  El Veasta lampley _____ ,
            Debtor

Case No. 8:12-bk-11026 _____

Chapter 13 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | yes | 1 | $ 0 | | |
| B - Personal Property | yes | 3 | $ 0 | | |
| C - Property Claimed as Exempt | yes | 1 | | | |
| D - Creditors Holding Secured Claims | yes | 1 | | $ 300942 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | yes | 2 | | $ 0 | |
| F - Creditors Holding Unsecured Nonpriority Claims | yes | 1 | | $ 56750. | |
| G - Executory Contracts and Unexpired Leases | yes | 1 | | | |
| H - Codebtors | yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | yes | 1 | | | $ 817. |
| J - Current Expenditures of Individual Debtors(s) | yes | 1 | | | $ |
| TOTAL | | 12 | $ | $ 357692 | |

B 6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

### Central District of California

In re  El Veasta lampley                                          ,                    Case No.  8:12-bk-11026
           Debtor

                                         Chapter _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

       If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

       □ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $      56,750 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $      56,750. |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $      817. |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $      0 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $      300942. |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $      0 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $      0 |
| 4. Total from Schedule F | | $      56750. |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $      357692. |

B6A (Official Form 6A) (12/07)

In re __El Veasta lampley_____,          Case No. __8:12-bk-11026_____
                    **Debtor**                                                    **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 20051 Big Bend Lane Huntington Beach, Ca | Real property | | 650,000. | 809000. |
| | | Total► | 809000. | |

(Report also on Summary of Schedules.)

B 6B (Official Form 6B) (12/07)

In re El Veasta lampley _____,    Case No. 8:12-bk-11026
        Debtor                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

B 6B (Official Form 6B) (12/07) -- Cont.

In re  El Veasta lampley                              ,          Case No.  8:12-bk-11026
                    **Debtor**                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |

B 6B (Official Form 6B) (12/07) -- Cont.

In re El Veasta lampley _____,    Case No. 8:12-bk-11026
    Debtor

    (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | | | |

_____ continuation sheets attached    Total ▶    $

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

B 6C (Official Form 6C) (04/10)

In re El Veasta Lampley                          ,          Case No. 8:12-bk-11026
_____Debtor_____                                              _____(If known)_____

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:       ☐ Check if debtor claims a homestead exemption that exceeds
*(Check one box)*                                                         $146,450.*
☐ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| none | | | |

* *Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6D (Official Form 6D) (12/07)

In re El Veasta Lampley _____ ,    Case No. **8:12-bk-11026** _____
                    **Debtor**                                    **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules, and if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 100180861<br>ASC<br>P.O.box 10328<br>Des Moines, IA 50306 | | | 1/21/06 loan on property at 20051 Big Bend Lane,HB 650000.00<br><br>VALUE $ | | | X | 1109942.00 | 300942. |
| ACCOUNT NO.<br><br> | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br> | | | <br><br>VALUE $ | | | | | |

____ continuation sheets attached

| | | Subtotal ▶<br>(Total of this page) | $ 1109942. | $ 300942. |
|---|---|---|---|---|
| | | Total ▶<br>(Use only on last page) | $ 1109942. | $ 300942. |

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B 6E (Official Form 6E) (04/10)

In re El Veasta Lampley _____,  Case No. 8:12-bk-11026
Debtor                               (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B 6E (Official Form 6E) (04/10) — Cont.

In re  El Veasta Lampley                          ,        Case No.  8:12-bk-11026
                    Debtor                                              (if known)

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

* *Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____ continuation sheets attached

B 6F (Official Form 6F) (12/07)

In re El Veasta Lampley _____,   Case No. 8:12-bk-11026
                    **Debtor**                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. A427064181<br><br>Dept. of the Treasury<br>P.O.Box 1686<br>Birhingham, Al. 35201-1686 | | | 2001, student loan, claim is subject to setoff | | | X | 56,000. |
| ACCOUNT NO. 427064181<br><br>Sprint<br>6391 Sprint Parkway<br>Overland Park, KS  66251-4300 | | | 2009 cell phone bill, claim is subject to setoff | | | X | 750. |
| ACCOUNT NO.<br><br> | | | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | |

_____ continuation sheets attached

Subtotal ▶  $  56750.

Total ▶  $  56750
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re <u>El Veasta Lampley</u>,                          Case No. <u>8:12-bk-11026</u>
         **Debtor**                                                          **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child. by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

B 6H (Official Form 6H) (12/07)

In re  El Veasta Lampley                                ,        Case No.  8:12-bk-11026
                    **Debtor**                                                        **(if known)**

# SCHEDULE H - CODEBTORS

        Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the
debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state,
commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or
Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any
former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the
nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the
child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the
child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

B6I (Official Form 6I) (12/07)

In re El Veasta lampley _____,    Case No. 8:12-bk-11026
      **Debtor**                                                   **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation  none | | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $_____ | $_____ |
| 2. Estimate monthly overtime | $_____ | $_____ |
| 3. SUBTOTAL | $_____ | $_____ |
| 4. LESS PAYROLL DEDUCTIONS | | |
|   a. Payroll taxes and social security | $_____ | $_____ |
|   b. Insurance | $_____ | $_____ |
|   c. Union dues | $_____ | $_____ |
|   d. Other (Specify): _____ | $_____ | $_____ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $_____ | $_____ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $_____ | $_____ |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $_____ | $_____ |
| 8. Income from real property | $_____ | $_____ |
| 9. Interest and dividends | $_____ | $_____ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $_____ | $_____ |
| 11. Social security or government assistance (Specify):_____ | $_____ | $_____ |
| 12. Pension or retirement income | $_____817. | $_____ |
| 13. Other monthly income (Specify):_____ | $_____ | $_____ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $_____817 | $_____ |
| 15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $_____817. | $_____ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 817. | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

Official Form 6-Cont.
(12/03)

In re __Lampley, El Veasha__      Case No. __8:12-bk-11026__
       Debtor                                                    (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____13_____
                                                                  *(Total shown on summary page plus 1.)*
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __2-1-2012__                          Signature: __El Veasha Lampley__
                                                                Debtor

Date _____      Signature: _____
                                                              *(Joint Debtor, if any)*

                                                    [If joint case, both spouses must sign.]

-----------------------------------------------------------------------------------------

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____      _____
Printed or Typed Name of Bankruptcy Petition Preparer      Social Security No.
                                                         (Required by 11 U.S.C. § 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____      _____
Signature of Bankruptcy Petition Preparer                                  Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*
-----------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.      *(Total shown on summary page plus 1.)*

Date _____      Signature: _____

                                         _____
                                         **[Print or type name of individual signing on behalf of debtor.]**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Case 8:12-bk-11026-TA Doc 4 Filed 02/13/12 Entered 02/13/12 17:58:26 Main Document Pg 27 of 40

Statement Regarding Assistance of Non-Attorney – Local Bankruptcy Rule 1002-1 (Rev. 12/03)　　　　　　　　　2003 USBC, Central District of California

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re Lampley, El Veasta

Case No.: 8:12-bk-11026

Chapter:

## STATEMENT REGARDING ASSISTANCE OF NON-ATTORNEY WITH RESPECT TO THE FILING OF BANKRUPTCY CASE

**THE DEBTOR/JOINT DEBTOR DOES HEREBY STATE AND REPRESENT:**

☐　I received assistance from a non-attorney in connection with the filing of my bankruptcy case.

1.　I paid the sum of $_____

2.　I still owe the sum of $_____

3.　I agreed to turn over or give a security interest in the following property:

4.　The name of the person or the name of the firm that assisted me was:

Name:

Address:

Telephone:

☑　I did not receive assistance from a non-attorney in connection with the filing of my bankruptcy case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Huntington Beach, CA_____, California.

Executed on: 2/1/12_____
　　　　　　　　　　　Date

_____
Debtor

_____
Joint Debtor

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
| --- | --- |
| In re **Lampley, El Veasta**      Debtor(s). | CHAPTER: **13** <br> CASE NO.: **812 11026 TA** |

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME PURSUANT TO 11 U.S.C. § 521(a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to <u>one</u> of the following statements:

I, El Veasta Lampley _____, the debtor in this case, declare under penalty
      *(Print Name of Debtor)*

of perjury under the laws of the United States of America that:

☐    I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
     *(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

☐    I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☒    I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

I, _____, the debtor in this case, declare under penalty of
      *(Print Name of Joint Debtor, if any)*

perjury under the laws of the United States of America that:

☐    I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
     *(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

☐    I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐    I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

Date   02/01/2012 _____      Signature _~El Veasta Lampley~_____
                                                                                        *Debtor*

Date _____      Signature _____
                                                                                       *Joint Debtor (if any)*

**Official Form 22C (Chapter 13) (10/06)**

In re  **Lampley, El Veasta**
_____
Debtor(s)

Case Number: _____
(If known)

According to the calculations required by this statement:

☐ **The applicable commitment period is 3 years.**
☑ **The applicable commitment period is 5 years.**
☐ **Disposable income is determined under § 1325(b)(3).**
☐ **Disposable income is not determined under § 1325(b)(3).**
(Check the boxes as directed in Lines 17 and 23 of this statement.)

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

## Part I. REPORT OF INCOME

| | | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☑ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☐ **Married. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | | | |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | | | $ 0 | $ |
| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | | | |
| | | a. | Gross receipts | $ 0 | |
| | | b. | Ordinary and necessary business expenses | $ 0 | |
| | | c. | Business income | Subtract Line b from Line a | $ 0 | $ |
| 4 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | | | |
| | | a. | Gross receipts | $ 0 | |
| | | b. | Ordinary and necessary operating expenses | $ 0 | |
| | | c. | Rent and other real property income | Subtract Line b from Line a | $ 0 | $ |
| 5 | **Interest, dividends, and royalties.** | | | $ 0 | $ |
| 6 | **Pension and retirement income.** | | | $ 0 | $ |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child or spousal support.** Do not include amounts paid by the debtor's spouse. | | | $ 0 | $ |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act  Debtor $ 0   Spouse $ _____ | | | $ 0 | $ |
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | | |
| | | a. | | $ 0 | |
| | | b. | | $ 0 | $ 0 | $ |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | | | $ 0 | $ |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | | $ 00 | |

Official Form 22C (Chapter 13) (10/06) – Cont.

2

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11. | 00 |
|----|----|----|
| 13 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents. Otherwise, enter zero. | 0 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | 0 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $0 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br>a. Enter debtor's state of residence: ca _____ b. Enter debtor's household size: 1 _____ | $47,683. |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed.<br>**The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br>**The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | $00 |
|----|----|----|
| 19 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, enter the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents. If you are unmarried or married and filing jointly with your spouse, enter zero. | $0 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | 0 |
| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $0 |
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $47683. |
| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br>☑ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** | |

## Part IV. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24 | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $534. |
|----|----|----|
| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $407. |

**Official Form 22C (Chapter 13) (10/06) – Cont.**                                                          3

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rent Expense | $472 |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $5784 |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. |

$ 6266

| 26 | **Local Standards: housing and utilities; adjustment.** if you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: |
|---|---|

$ 472

| 27 | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. <br><br> Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0 ☐ 1 ☐ 2 or more. <br><br> Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) |
|---|---|

$ 238

| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1 ☐ 2 or more. <br><br> Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs, First Car | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. |

$ 0

| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28. <br><br> Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs, Second Car | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. |

$ 0

| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** |
|---|---|

$ 0

| 31 | **Other Necessary Expenses: mandatory payroll deductions.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as non-mandatory 401(k) contributions.** |
|---|---|

$ 0

| 32 | **Other Necessary Expenses: life insurance.** Enter average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ 0 |
|----|----|----|
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments. **Do not include payments on past due support obligations included in Line 49.** | $ 0 |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | 0 |
| 35 | **Other Necessary Expenses: childcare.** Enter the average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ 0 |
| 36 | **Other Necessary Expenses: health care.** Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ 0 |
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the average monthly amount that you actually pay for telecommunication services other than your basic home telephone service—such as cell phones, pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ 0 |
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $ 0 |

| **Subpart B: Additional Expense Deductions under § 707(b)** |||
|----|----|----|
| **Note: Do not include any expenses that you have listed in Lines 24-37** |||

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List and total the average monthly amounts that you actually pay for yourself, your spouse, or your dependents in the following categories. <br> a. Health Insurance — $ <br> b. Disability Insurance — $ <br> c. Health Savings Account — $ <br> Total: Add Lines a, b, and c | $ 0 |
|----|----|----|
| 40 | **Continued contributions to the care of household or family members.** Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | $ 0 |
| 41 | **Protection against family violence.** Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ 0 |
| 42 | **Home energy costs.** Enter the average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ 0 |
| 43 | **Education expenses for dependent children under 18.** Enter the average monthly expenses that you actually incur, not to exceed $125 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. **You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ 0 |
| 44 | **Additional food and clothing expense.** Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not to exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ 0 |
| 45 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ 0 |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $ 0 |

| Subpart C: Deductions for Debt Payment | | |
|---|---|---|
| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page. | $ 0 |

| | Name of Creditor | Property Securing the Debt | 60-month Average Payment |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |
| | | Total: Add Lines a, b, and c | |

| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | $ 0 |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |
| | | Total: Add Lines a, b, and c | |

| 49 | **Payments on priority claims.** Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | $ 0 |
|---|---|---|

| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | |
|---|---|---|

| | a. | Projected average monthly Chapter 13 plan payment. | $ 0 |
|---|---|---|---|
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x 0 |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b  $ 0 |

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ 0 |
|---|---|---|

| Subpart D: Total Deductions Allowed under § 707(b)(2) | |
|---|---|
| 52 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 38, 46, and 51. | $ |

# Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ 5984 |
|---|---|---|
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, included in Line 7, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ 0 |
| 55 | **Qualified retirement deductions.** Enter the monthly average of (a) all contributions or wage deductions made to qualified retirement plans, as specified in § 541(b)(7) and (b) all repayments of loans from retirement plans, as specified in § 362(b)(19). | $ 0 |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ 0 |
| 57 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, and 56 and enter the result. | $ 0 |

**Official Form 22C (Chapter 13) (10/06) – Cont.**                                                    6

| 58 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 57 from Line 53 and enter the result. | $ |
|----|---|---|

---

## Part VI: ADDITIONAL EXPENSE CLAIMS

**Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses.

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total:  Add Lines a, b, and c | $ |

---

## Part VII: VERIFICATION

| 60 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)*<br><br>Date: _2-1-2012_                    Signature: _El Vesch Langly_<br>                                                              (Debtor)<br><br>Date: _____            Signature: _____<br>                                                              (Joint Debtor, if any) |
|----|---|

B 201 - Notice of Available Chapters (Rev. 11/11)                                    USBC, Central District of California

Name:  El Veasta Lampley

Address:  20051 Big Bend Lane

Huntington Beach, Ca  92646

Telephone:  714 472-5139          Fax:

☐ Attorney for Debtor
☑ Debtor in Pro Per

---

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names, used by Debtor(s) within last 8 years: | Case No.: 8:12-bk-11026 |
|---|---|
| Lampley, El Veasta | |

### NOTICE OF AVAILABLE CHAPTERS

(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code)

---

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

1.   **Services Available from Credit Counseling Agencies**

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

**2.**   **The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

**Chapter 7:  Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total fee $306)**

1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.
2.  Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
3   The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.
4.  Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)**
1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.
2.  Under chapter 13, you must file with the court  a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.
3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)**
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)**
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3.**   **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

13-01354-scc    Doc 4    Filed 02/13/12    Entered 02/13/12 09:44:48    Desc
Main Document    Page 37 of 40

B 201 - Notice of Available Chapters (Rev. 11/11)    USBC, Central District of California

## Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____
Printed name and title, if any, of Bankruptcy Petition Preparer

Social Security number (If the bankruptcy petition
Address: preparer is not an individual, state the
Social Security number of the officer, principal,
responsible person, or partner of the bankruptcy
petition preparer.) (Required by 11 U.S.C. § 110.)

_____

X_____
Signature of Bankruptcy Petition Preparer or officer,
principal, responsible person, or partner whose Social
Security number is provided above.

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

*Elivias A Lampley*
_____
Printed Name(s) of Debtor(s)

*Elivias Lampley    2/1/2012*
_____
Signature of Debtor          Date

Case No. (if known) _____

X_____
Signature of Joint Debtor (if any)    Date

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

809bk19015, 810bk12790, 809bk13687, 808bk10444,807bk12413 real property 20051  Big Bend Lane, Huntington Beach, Ca  926

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at Huntington Beach _____ , California.

Dated  2-1-2012

Debtor

Joint Debtor

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 1015-2.1**

FILED

FEB - 3 2012

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

United States Bankruptcy Court
Central District of California

)  Case No.: 8:12 11026 TA
)
)
)  ~~Motion and~~ Order For Court
)  Determination of waiver of credit counseling
)  Date: January
)
)  Place: 5B
)
)  Trial Date:
)

      Debtor, El Vaasta Lampley request Court Determination of qualification of 11 U.S.C. § 109 (h)(4) based on attached document "Notice of Attorney Advisor Decision-Fully Favorable".

      Based on the attached verification of disability court rules as follows:

    ☑  Request is granted

    ☐  Request is denied,

Dated: FEB - 3 2012

_____
Judge                Date

**THEODOR C. ALBERT**

LODGED

JAN 2 6 2012

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:

[Summary of pleading] - 1

Verification of Creditor Mailing List - (Rev. 10/05)                          2003 USBC, Central District of California

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-1(d)

Name   El Veasta Lampley

Address   20051 Big Bend Lane, Huntington Beach, Ca  92646

Telephone   714 472-5139

☐   Attorney for Debtor(s)
☑   Debtor in Pro Per

---

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names used by Debtor(s) within last 8 years: | Case No.: 8:12-bk-11026 |
|---|---|
| El Veasta Lampley | Chapter: 13 |

---

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of 1 sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-1(d) and I/we assume all responsibility for errors and omissions.

Date: 32/01/2012

_El Veasta Lampley_
Debtor

_____          _____
Attorney (if applicable)                      Joint Debtor

**Exhibit 9**
**(Order Dismissing Eighth Bankruptcy Case)**

# United States Bankruptcy Court
## Central District Of California

**411 West Fourth Street, Suite 2030, Santa Ana, CA 92701–4593**

## ORDER AND NOTICE OF DISMISSAL
## ARISING FROM CHAPTER 13 CONFIRMATION HEARING [11 U.S.C. § 109(g)]

**DEBTOR INFORMATION:**
El Veasta Lampley

**BANKRUPTCY NO.**  8:12–bk–11026–TA

**CHAPTER**  13

**Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (if any):**  xxx–xx–4181
**Employer Tax–Identification (EIN) No(s).(if any):**  N/A
**Debtor Dismissal Date:** 4/3/12

**Address:**
20051 Big Bend Lane
Huntington Beach, CA 92646

Pursuant to the court's findings and conclusions made at the confirmation hearing in this case,
IT IS ORDERED THAT:

(1)  debtor's bankruptcy case is dismissed;

(2)  the court retains jurisdiction on all issues arising under Bankruptcy Code Sections 110, 329 and 362; and

(3)  pursuant to Bankruptcy Code Section 109(g), debtor is prohibited from filing any new bankruptcy petition within 180 days of the date of entry of this order.

Dated: April 3, 2012

BY THE COURT,

**Kathleen J. Campbell**
Clerk of Court

(Form od13b VAN–151) Rev. 03/09

**24 – 1 / NGO**

**Exhibit 10**
**(Order Denying Temporary Restraining Order)**

ORIGINAL

FILED

JAN 27 2012

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                   Deputy Clerk

1    El Veasta Lampley
     20051 Big Bend Lane
2    Huntington Beach, CA  92646

3    714 472 5139

              UNITED STATES BANKRUPTCY COURT
4                    CENTRAL DISTRICT

5
                              DENYING
6
7    EL Veasta Lampley,          )  Case No.: 8:12 -11026 ta  klo
                                  )  ORDER EXPARTE APPLICATION FOR TEMPORARY
          DEBTOR                  )  RESTRAINING ORDER;
8                                 )  Date: January 27, 2012
        vs.                       )  Time: 10:30 AM
9                                 )  Dept: 5d
     US Bank National Association, Wells  )
10                                )
     Fargo National Bank, First American  )
11                                )
     Trustee Solutions LLC,       )

12
          CREDITORS

ENTERED

JAN 27 2012

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                   Deputy Clerk

LODGED

JAN 27 2012

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:

16       APPLICATION having been made for an Ex Parte application for Temporary

17   Restraining Order by El Veasta Lampley, and good cause appearing therefore.

18       IT IS ORDERED that defendants cancel the sale set for January 27, 2012 at 1:30

19   pm on the property at 20051 Big Bend Lane, Huntington Beach, Ca  92646.

20   This motion is denied as procedurally improper.
     There needs to be an adversary proceeding.
21   IT IS ORDERED
                        It is also substantively unsupported and similar to
22   matters already heard over one year ago and dismissed.

23   Dated: _____        _____

24   JAN 27 2012

25

26

27

28

**<u>Exhibit 11</u>**
**(Trustee's Deed Upon Sale)**

Recorded in Official Records, Orange County

Tom Daly, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||||||      12.00

2012000067214 04:30pm 02/03/12

65 404 T09 3

0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

Recording Requested By
First American Trustee Servicing Solutions, LLC

When Recorded & Mail Tax Statements To :
AMERICA'S SERVICING COMPANY
3476 STATEVIEW BLVD. BANKRUPTCY MAC # 7801-014
FT. MILL SC 29715

APN:                    151-391-14
Property Address        20051 BIG BEND LANE
                        HUNTINGTON BEACH CA
Title Order #   3082141
TS Number       20069134003814
Loan Type       Conventional
Case #

## TRUSTEES DEED UPON SALE

The undersigned grantor declares under penalty of perjury
1) The grantee herein WAS the foreclosing Beneficiary
2) The amount of the unpaid debt together with costs was..........  $ 1,310,939.91
3) The amount paid by the Grantee at the trustee sale was..........  $ .00
4) The documentary transfer tax is ....................................  $ 0 - Exempt

5) Said property is  INCORPORATED / UNINCORPORATED .

First American Trustee Servicing Solutions, LLC , (herein called Trustee), as the duly appointed Trustee under the
Deed of Trust hereinafter described, does hereby grant and convey, but without warranty, expressed or implied to :

U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2006-4

(herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of
ORANGE in the State of California, described as follows :

See Exhibit A attached hereto and made a part hereof.

Recitals :
This conveyance is made pursuant to the powers conferred upon the Trustee by that certain Deed of Trust dated
01/21/2006 and executed by ,

EL VEASTA LAMPLEY

RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
AS AN ACCOMMODATION ONLY

Page 2 of 4

13-01354-see Doc 4 Filed 07/08/13 Entered 07/08/13 17:58:26 Main Document
Dbt 1 9,23 dw 12986 VB EV 02 Epd vn Fou3 Etmer 2 of 3 23 Qbrr 132 pg54 Qbrr E $,241
Pg 83 of 92

Case 8:12-cv-01875-UA-DUTY   Document 1-1   Filed 10/29/12   Page 14 of 100   Page ID
#:21

APN Number :            151-391-14
Title Order Number :    3082141
TS Number :             20069134003814
Loan Type :             Conventional

as Trustor, and recorded 01/26/2006, as Instrument No. 2006000060473, in Book , Page , of Official Records of
ORANGE County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing
this conveyance..

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the office of the
County Recorder of said County.

All requirements of law and the applicable Deed of Trust including, but not limited to those enumerated by Civil
Code 2924, et. seq., regarding the mailing, publication, personal delivery and posting of the Notice of Default and
Notice of Sale, as respectively appropriate, have been met.

Said property was sold by said Trustee at public auction on 01/27/2012 at the place named in the Notice of Sale, in
the County of ORANGE in the State of California, in which the property is situated. Grantee, being the highest
bidder at such sale, became the purchaser of said property and paid therefore to said Trustee the amount of $.00 in
lawful money of the United States, or by the satisfaction, pro tanto, of the obligation then secured by said Deed of
Trust

Date : Jan 30, 2012

First American Trustee Servicing Solutions, LLC

By: _Elizabeth B Mills_
    Elizabeth B. Mills          , Trustee Officer

State of Texas
County of Tarrant

Before me ___Aida A. Chehati_____, a Notary Public , on this day personally appeared

___Elizabeth B. Mills_____, known to me to be the person whose name is subscribed to therefore going
instrument and acknowledged to me that this person executed the same for the purposes and considerations therein
expressed.

Given under my hand and seal of office this day of _____JAN 3 0 2012_____

Witness my hand and official seal

Signature : _Aida Chehati_



AIDA A. CHEHATI
Notary Public, State of Texas
My Commission Expires
July 01, 2014

Page 3 of 4

## EXHIBIT "A"

Lot(s) 17 of Tract No. 6963, in the City of Huntington Beach, County of Orange, State of California, as per map recorded in Book 261, Page(s) 18 to 22 inclusive, of Miscellaneous Maps, in the office of the County Recorder of said County.

EXCEPT therefrom all oil, gas, minerals, and other hydrocarbon substances lying below a depth of 500 feet, but with no right of surface entry, as provided in deed recorded in Book 8921, Page 375, Official Records.

**<u>Exhibit 12</u>**
**(Unlawful Detainer Order)**

Robert L. Rosenthal, State Bar #74975
Michael D. Zeff, State Bar #78685
ROSENTHAL, WITHEM & ZEFF
16027 Ventura Blvd., Suite 320
Encino, California 91436
(818) 789-7711

Attorneys for Plaintiff
U.S. BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE STRUCTURED
ASSET INVESTMENT LOAN TRUST,
2006-4

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
WEST JUSTICE CENTER

AUG 30 2012

ALAN CARLSON, Clerk of the Court

BY:_____DEPUTY

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE, WEST JUSTICE CENTER

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, 2006-4, <br><br> Plaintiff, <br><br> vs. <br><br> EL VEASTA LAMPLEY, <br><br> Defendant. | Case No.: 30-2012 00561931 <br><br> [PROPOSED] JUDGMENT AFTER COURT TRIAL, INCLUDING FINDINGS OF FACT AND CONCLUSIONS OF LAW (UNLAWFUL DETAINER) <br><br> DATE OF TRIAL: AUGUST 10, 2012 <br> TIME: 8:30 A.M. <br> DEPT.: W10 |

The above-captioned unlawful detainer action came on regularly for Court Trial on August 10, 2012 at 8:30 A.M. in Dept. W10 of the above-entitled Court before the Honorable Kurt Lewin, Judge Presiding. Attorney Dana Seyler appeared on behalf of Rosenthal, Withem & Zeff, attorney of record for Plaintiff U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, 2006-4 (hereinafter referred to as "Plaintiff"). Defendant EL VEASTA LAMPLEY (hereinafter "Defendant") appeared in propria persona.

The real property that is the subject of this unlawful detainer action is commonly known as 20051 Big Bend Lane, Huntington Beach, California 92646 (hereinafter referred to as the "subject property").

1

At the time the case was called for Trial, the Court noted that at the hearing on August 8, 2012, Defendant had orally moved for a jury trial, which the Court reviewed between August 8, 2012 and August 10, 2012. In addition, on August 10, 2012, the day of Trial, Defendant filed a written Request for Jury Trial.

The Court denied Defendant's Request for Jury Trial, finding that it was not timely filed. In addition, after reviewing the file the Court determined that there was no need for a trier of fact because all relevant facts had been admitted by Defendant pursuant to the Order entered on June 19, 2012 on Plaintiff's Motion for an Order deeming that Plaintiff's Requests for Admissions to Defendant, Set One, be deemed admitted by Defendant. In the Order, the Court granted Plaintiff's Motion and ordered all of Plaintiff's Requests for Admissions deemed admitted by Defendant.

Defendant then requested that the Court advance and hear Defendant's Motion for Reconsideration of the rulings made by the Court at hearing on June 1, 2012 striking portions of Defendant's Answer, and on June 19, 2012 ordering that Plaintiff's Requests for Admissions to Defendant, Set One, were deemed admitted by Defendant.

The Court denied Defendant's request to advance the hearing on the Defendant's Motion for Reconsideration prior to Trial, finding that Defendant had failed to timely file the appropriate Motion to advance the hearing.

The Trial then proceeded as a Court Trial. Plaintiff called the following witnesses to testify at Trial:

1. DANA CRANE, licensed California real estate agent.
2. Defendant EL VEASTA LAMPLEY.

Testimony of Dena Crane:

Dana Crane testified regarding her qualifications and credentials as a licensed California real estate agent, her employment by Plaintiff in connection with subject property. Plaintiff's acquisition of title to the subject property by Trustee's Deed upon Sale as set forth in the Trustee's Deed upon Sale (Plaintiff's Exhibit "1" below), and service of Plaintiff's "Three/Sixty/Ninety Day Notice to Quit Premises" (Exhibit "2") as set forth in the "Declaration of Service of Notice to Tenant" (Exhibit "3").

With regard to the issue of Defendant's continued wrongful possession of the subject property, Ms. Crane testified that on July 18, 2012 she conducted a "drive-by" at the subject

property and confirmed that Defendant was still in possession as of that date. Defendant objected to this testimony because the "drive-by" took place almost one month prior to the trial date. Plaintiff completed its direct examination of Ms. Crane prior to the lunch recess.

When Trial resumed, Plaintiff called Defendant as Plaintiff's second witness. However, after Plaintiff's first question on direct, Defendant stated that she was "taking the fifth" and refused to answer any questions.

Plaintiff then recalled Ms. Crane on the issue of possession. Ms. Crane testified that prior to Trial, she witnessed Defendant serving Plaintiff's counsel with a copy of her Motion for Reconsideration, and that the upper left corner on page one of the Motion bore the address of the subject property as Defendant's current address, thereby proving that Defendant is still in possession. The Court did not permit Plaintiff to admit the Motion as an Exhibit but did indicate that the Court would take judicial notice of the address in the Motion for Reconsideration.

With regard to the issue of the fair rental value of the subject property, Ms. Crane testified that based upon recent comparable listings and sales in the neighborhood, the rental value of the subject property is no less than the sum of $100.00 per day.

At the conclusion of direct examination, Ms. Crane was cross-examined by the Defendant.

Plaintiff then requested that the Court admit following exhibits into evidence:

1. Certified copy of the Trustee's Deed upon Sale in favor of Plaintiff recorded by the Orange County Recorder on February 3, 2012 as Instrument No.2012000067214, marked as Plaintiff's Exhibit "1."

2. Plaintiff's Three/Sixty/Ninety Day Notice to Quit Premises dated March 15, 2012, including Notice to Any Renters Living at the Property, marked as Plaintiff's Exhibit "2."

3. Declaration of Service of Notice to Tenant dated March 18, 2012 executed by Jay Arcemont, a registered process server, marked as Plaintiff's Exhibit "3."

Defendant objected to the admission of each of the above exhibits.

After considering Defendant's objections, the Court ordered each of the above documents admitted into evidence.

After, Defendant cross-examined Ms. Crane, Plaintiff rested its case and requested entry of Judgment in favor of Plaintiff for restitution and possession of the subject property,

3

including all unnamed occupants pursuant to CCP Section 415.46, and for holdover damages for 142 days at $100.00 per day in the total sum of $14,200.00.

During her case in chief, Defendant did not testify, but instead opened a box of documents and commenced reading aloud the first document, a copy of Defendant's civil complaint filed against Plaintiff. The Court permitted Defendant to continue to read this document and other documents, but stated that it would not admit into evidence these documents or any of the documents in the four boxes Defendant had brought into court.

Defendant argued that the documents in the four boxes constituted "newly discovered evidence," and stated that it would require four more days of trial to bring in the all of the documents.

The Court requested an offer of proof from Defendant as to what the boxes contained and why it was newly discovered. Although the Court thereafter reminded the Defendant of its request on several occasions, Defendant failed to directly respond and instead continued to read the documents aloud. The Court ruled that none of the documents in the four boxes would be admitted into evidence.

Defendant then rested her case, and Trial was concluded.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Court finds that the Defendant did not file her Request for Jury Trial until August 10, 2012, the day of trial. Therefore, the Court finds that Defendant's Request for Jury Trial was not timely filed pursuant to CCP Section 631(d)(4).

2. As an additional ground for denial of the jury trial request, the Court finds that there was no need for a trier of fact because on June 19, 2012, pursuant to Plaintiff's noticed Motion, the Court ordered Plaintiff's Requests for Admissions, Set One, deemed admitted by Defendant based upon her failure to timely respond to the duly served Requests for Admissions.

3. The Court finds that Defendant did not timely move to advance the hearing of her Motion for Reconsideration of the ruling made by the Court at the hearing on June 1, 2012 striking portions of Defendant's Answer, and on June 19, 2012 ordering that Plaintiff's Requests for Admissions to Defendant, Set One, were deemed admitted by Defendant.

4

Accordingly, the Court denied Defendant's late request to advance the hearing of her
Motion for Reconsideration.

    4.    The Court finds that Plaintiff acquired title to the subject property by Trustee's
Sale on January 27, 2012 following foreclosure proceedings, which is admitted by
Defendant by the Court's ruling of June 19, 2012 deeming all of Plaintiff's Requests for
Admissions admitted.

    5.    The Court finds that on February 3, 2012, Plaintiff perfected its title to the
subject property by causing a Trustee's Deed upon Sale in favor of Plaintiff to be recorded
by the Orange County Recorder as Instrument No. 2012000067214.  Plaintiff's acquisition
of title is evidence by said Trustee's Deed upon Sale, the certified copy of which is self-
authenticating pursuant to California Evidence Code Section 1401 and  properly admitted
into evidence as Plaintiff's Exhibit "1."

    6.    The Court finds that on March 18, 2012, Defendant was served with a copy of
Plaintiff's "Three/Sixty/Ninety Day Notice to Quit Premises" dated March 1, 2012, properly
admitted into evidence as Plaintiff's Exhibit "2,"  that the Notice was served by Jay
Arcemont, a registered process server, as reflected in his "Declaration of Service of Notice
to Tenant" dated March 18, 2012, properly admitted into evidence as Plaintiff's Exhibit "3."
Pursuant to California Evidence Code Section 647, the declaration of service by a
registered process server offered into evidence creates a presumption affecting Defendant's
burden of producing evidence.  (See Palm Property Investments vs. Yadegar (2011) 194
CA 4th 1419, 1426-1428.)

    7.    The Court further finds that service of the Notice to Quit as set forth in
Plaintiff's Exhibit "3" is admitted by Defendant by the Court's ruling of June 19, 2012
deeming all of Plaintiff's Requests for Admissions admitted.

    8.    The Court finds that after the expiration of the Three/Sixty/Ninety Day Notice
to Quit Premises served upon Defendant, Defendant remained in possession of the subject
property as a holdover tenant, and that as of the Trial date Defendant remained in wrongful
possession.  Defendant's Motion for Reconsideration in the file indicates the address of the
subject property as her address.  The Court further finds that Defendant admits that she is
still in possession pursuant to the Court's ruling of June 19, 2012 deeming all of Plaintiff's
Requests for Admissions admitted.

9.     The Court finds that Defendant failed to make an offer of proof when requested by the Court that the documents contained in the four boxes Defendant sought to introduce as evidence at Trial consist of "newly discovered evidence."   Accordingly, the Court finds that said documents do not constitute "newly discovered evidence," and are therefore inadmissible in light of the Court's ruling of June 19, 2012 deeming all of Plaintiff's Requests for Admissions admitted.

10.     Based upon the above Findings of Fact and Conclusions of Law, the Court finds that Plaintiff has met its burden of proving that it is lawful owner of the subject property; that the Three/Sixty/Ninety Day Notice to Quit premises, Exhibit "2", was duly served upon Defendant on March 18, 2012 in the manner indicated in the "Declaration of Service of Notice to Tenant," Exhibit "3," and that Defendant failed to vacate the subject property within the notice period.   Therefore, Plaintiff is entitled to Judgment for restitution and possession of the subject property as against Defendant, including all unnamed occupants pursuant to CCP Section 415.46.

11.     Based upon the above Findings of Fact and Conclusions of Law, the Court finds that Plaintiff has met its burden of proving that the fair rental value of the subject property is a sum not less than $100.00 per day, and that Plaintiff is entitled to Judgment for holdover damages for 142 days at $100.00 per day in the total sum of $14,200.00.

## JUDGMENT

Based upon the above Findings of Fact and Conclusions of Law, as well as the Court's prior orders, the evidence and testimony presented at Trial and oral argument of parties and counsel;

IT IS ORDERED, ADJUDGED AND DECREED:

1.  Plaintiff is awarded as against Defendant the restitution and possession of the subject real property located at 20051 Big Bend Lane, Huntington Beach, California 92646.

2.  Plaintiff is awarded as against Defendant per-day holdover damages in the sum of $14,200.00.

3.  Judgment shall include all other unnamed occupants pursuant to CCP Section 415.46.

4.  A Writ of Possession may issue forthwith, with no stay of execution.

DATED: AUG 3 1 2012     , 2012            _michael beecher_

                                    JUDGE (COMMISSIONER) OF THE
                                    SUPERIOR COURT

7